IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHEL JERMAINE WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-00518-JD |
| | ) |
| BRIAN LOVELL, Judge, individual and official capacities; RON JONES, Lawyer, individual and official capacities, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

On May 22, 2024, Plaintiff filed this prisoner civil rights action [Doc. No. 1] and filed a motion for leave to proceed in forma pauperis [Doc. No. 2]. The Court referred this action to United States Magistrate Judge Suzanne Mitchell under 28 U.S.C. § 636. [Doc. No. 4].

On May 28, 2024, Judge Mitchell issued an order granting Plaintiff's motion for leave to proceed in forma pauperis, meaning that Plaintiff would be allowed to proceed in his civil action without prepayment of a filing fee of $350.00. *See* [Doc. No. 5]; *see also* 28 U.S.C. § 1915(b)(1). The order required Plaintiff to pay an initial partial filing fee of $11.80 by June 18, 2024. [Doc. No. 5 at 1]. After payment of the initial partial filing fee, the order explained that Plaintiff shall make monthly payments until he has paid the full $350.00 filing fee. *See id.* at 2. Judge Mitchell warned Plaintiff that his failure to comply with the order will result in the dismissal of the action without prejudice. *Id*. at 1–2.

When Plaintiff failed to comply with the order of May 28, 2024, Judge Mitchell

issued a Report and Recommendation on June 24, 2024, recommending that the Court dismiss Plaintiff's action without prejudice for his failure to comply with the Court's order to pay the initial partial filing fee and for failure to abide by the Court's rules in updating his address. [Doc. No. 8 at 1–2]. Judge Mitchell advised Plaintiff of his right to object to the Report and Recommendation by July 15, 2024, and explained that his failure to timely object to the Report and Recommendation would waive appellate review of the factual and legal issues contained in the Report and Recommendation. *Id.* at 5. To date, Plaintiff has not filed an objection to the Report and Recommendation, or otherwise made any effort to prosecute this action.[1]

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, the parties waive their rights to challenge the legal and factual basis for the magistrate judge's

---

[1] The Court's record reflects that the order of May 28, 2024 [Doc. No. 5] and the Report and Recommendation of June 24, 2024 [Doc. No. 8], were mailed to Plaintiff at his provided address and returned to the Court as undeliverable. *See* [Doc. Nos. 6, 9]; *see also* Letter from Garfield County Detention Facility ("GCDF") of June 17, 2024 (indicating Plaintiff was released from GCDF on May 30, 2024, and no funds were collected due to deposits not being added to the prisoner's account following the date of the order).
   However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").

decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and concurring with Judge Mitchell's findings and recommendations, the Court ACCEPTS the Report and Recommendation [Doc. No. 8]. For the reasons stated in the Report and Recommendation, the Court DISMISSES Plaintiff's action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 16th day of July 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE